**2013 UT App 13**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.F.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

S.F.,
*Appellant,*

*v.*

STATE OF UTAH,
*Appellee.*

Per Curiam Decision
No. 20120878-CA
Filed January 25, 2013

Third District Juvenile, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1070549

Michael McDonald, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES MCHUGH, VOROS, AND ROTH.

PER CURIAM:

¶1      S.F. (Mother) appeals the juvenile court's October 4, 2012 order denying her reunification services and granting permanent custody to E.F.'s father. We affirm.

¶2      Mother asserts that there was insufficient evidence to support the juvenile court's determination that she neglected her child. In order to overturn the juvenile court's decision as to the

sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 The juvenile court determined that Mother neglected her child by reason of her faults or habits. Utah Code section 78A-6-105(27) provides that a juvenile court may adjudicate a parent to have neglected his or her child for lack of proper parental care by reason of his or her faults or habits. *See* Utah Code Ann. § 78A-6-105(27) (LexisNexis 2012). The juvenile court found that Mother coached her child to fabricate claims that her child had been sexually abused. The juvenile court's determination that Mother coached her child to fabricate these claims was supported by the child's admissions that she had not been sexually abused, the child's statements regarding her lies, the lack of physical evidence that she had been abused, despite Mother's statements, and the fact that Mother avoided taking her child to an appointment with specialists in child sexual abuse examinations. Given these considerations, the juvenile court determined that Mother neglected her child by repeatedly exposing her child to intrusive and unnecessary sexual abuse examinations. Mother fails to demon-

strate that the juvenile court erred by determining that she neglected her child by reason of her faults or habits.

¶4     Mother next asserts that there was insufficient evidence to support the juvenile court's finding that it was in the child's best interests to deny reunification services, grant permanent custody to the father, and terminate jurisdiction given Mother's love for her child. This court may not engage in a reweighing of the evidence that was before the juvenile court. *See In re B.R.*, 2007 UT 82, ¶ 12. A juvenile court has discretion to grant or deny reunification services. *See* Utah Code Ann. § 78A-6-312(20). A parent's interest in receiving reunification services is limited. *See id.* A juvenile court may determine that efforts to reunify a child are not reasonable, and in making such a determination the child's health, safety, and welfare shall be of paramount importance. *See id.* § 78A-6-312(20)(c). The juvenile court must also consider the failure of the parent to respond to prior services or prior child and family plans. *See id.* § 78-6-312(23)(a). Additionally, the juvenile court should consider testimony by a competent professional regarding whether the parent is likely to be successful with services. *See id.* § 78-6-312(23)(f).

¶5     The record supports the juvenile court's determination that it was in the child's best interests to deny reunification services and place the child with her father. In addition to the evidence supporting the juvenile court's finding of neglect, the juvenile court found that the Division of Child and Family Services provided Mother with numerous services and that such services were unsuccessful. The juvenile court also considered the child's therapist's testimony and it found that Mother coached her child regarding the claims of sexual abuse, and that Mother would not be dissuaded from the belief that her child was sexually abused "no matter what was stated by the therapist or the child when she was in therapy sessions." The juvenile court also found that given Mother's hostility with her prior case workers and her inability to acknowledge her role in the child's fabricated claims, Mother was unlikely to benefit from reunification services. Mother fails to

demonstrate that the juvenile court erred by denying reunification services, granting permanent custody, and terminating jurisdiction.

¶6    Accordingly, the juvenile court's order is affirmed.

————